**SIGNED this 13 day of September, 2005.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| I.G. SERVICES, LTD., | 99-53170-C |
| IWG SERVICES, LTD. | 99-53171-C |
| | JOINTLY ADMINISTERED UNDER |
| | 99-53170-C |
| *DEBTORS* | CHAPTER 11 |
| J. ROBERT MEDLIN, IN HIS CAPACITY AS TRUSTEE OF THE INVESTOR CLAIMS TRUST | |
| *PLAINTIFF* | |
| v. | ADV. NO. 04-5041-C |
| WELLS FARGO BANK, N.A. AND WELLS FARGO BANK OF TEXAS, N.A. | |
| *DEFENDANTS* | |

**REPORT AND RECOMMENDATION TO DISTRICT COURT REGARDING PLAINTIFF'S STANDING**

The court sua sponte raised the issue of the plaintiff's standing at the July 27, 2005 hearing.[1] The parties submitted post-hearing briefs,[2] and the defendant filed a motion to dismiss for lack of standing.[3] The defendants have previously argued the standing issue to the district court. *See* District Court's June 20, 2002 Order Regarding Pending Motions and Order of Stay Pending Arbitration fo Debtor Claims, Civil Action No. SA-01-CA-583-FB ("June 20, 2002 Order"). Because relevant case law has developed after the district court's June 20, 2002 Order, the court submits this report and recommendation.[4]

**Report**

The plaintiff's cause of action is knowing participation in breaches of fiduciary duties. The plaintiff successfully argued in the summary-judgment context that the fiduciary duties are based on the zone-of-insolvency theory and the broker-client relationship. *See* DOC. # 201 (memorandum opinion on defendants' motions for summary judgment). The defendants now move to dismiss the plaintiff's zone-of-insolvency cause of action. The defendants argue that the plaintiff does not have standing to assert that the zone-of-insolvency cause of action. DOC. # 268 at 8-10.[5]

---

[1] Standing is an essential component of federal subject-matter jurisdiction. *U.S. v. Hays*, 515 U.S. 737, 742 (1995); *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). Federal courts may raise the issue of subject-matter jurisdiction sua sponte. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).

[2] DOCS. # 267, # 273, and # 274.

[3] DOC. # 268, which is the same document as DOC. # 267.

[4] *See* District Court's March 9, 2004 Order Referring All Pre-Trial Matters to the Bankruptcy Court, Civil Action No. SA-01-CA-583-FB.

[5] When deciding a Rule 12(b)(1) motion, the court "accept[s] as true [the plaintiff's] uncontroverted allegations, and resolve[s] in [the plaintiff's] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Nuovo Pignone, SpA v. Storman Asia*

According to bankruptcy courts in Texas, the zone-of-insolvency theory states that when a corporation enters the zone or vicinity of insolvency, the fiduciary duty of directors and officers *shifts* or *expands* to the corporation's creditors. *See Weaver v. Kellogg*, 216 B.R. 563, 583-84 (S.D. Tex. 1997) ("expands")[6]; *In re Brentwood Lexford Partners, LLC*, 292 B.R. 255, 272-73 (Bankr. N.D. Tex. 2003) ("shifts"). *Weaver* and *Brentwood* ultimately rely on a seminal Delaware Chancery case, *Credit Lyonnais Bank Nederland, N.V. v. MGM-Pathe Communications Co.*, 1991 WL 277613 at *34 n.55 (Del. Ch. Dec. 30, 1991).[7] The Delaware Chancery court recently acknowledged that courts have read *Credit Lyonnais* "as authorizing creditors to challenge directors' business judgments as breaches of fiduciary duty owed to them [the creditors]." *Production Resources Group, L.L.C. v. NCT Group, Inc.*, 863 A.2d 772, 789 n.55 (Del. Ch. 2004) (pointing to *Weaver*). According to the *Production Resources* court, that reading of *Credit Lyonnais* is wrong. Creditors may assert breaches of that duty when the corporation is in the zone of insolvency, but the fiduciary duty is always owed to the corporation. *Id*. at 789-92. The creditors' cause of action is therefore derivative. In the words of the *Production Resources* court:

> [T]he transformation of a creditor into a residual owner does not change the nature of the harm in a typical claim for breach of fiduciary duty by corporate directors. . . . The firm's insolvency simply makes the creditors the principal constituency injured by any fiduciary breaches that diminish the firm's value and logically gives them standing to pursue these

---

*M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (internal quotation marks omitted).

[6] "[I]t appears that under both Delaware and Texas law, corporate insiders . . . may have a fiduciary duty to the corporation's *creditors* [in the zone of insolvency]." (emphasis added).

[7] *See Weaver*, 216 B.R. at 583 (citing *Credit Lyonnais*); *and Brentwood*, 292 B.R. at 272 (citing *In re Hechinger Inv. Co. of Del.*, 280 B.R. 90, 92 (D. Del. 2002), which in turn cites *Credit Lyonnais*).

>claims to rectify that injury. . . . [T]he claim against the director is still one belong to the corporation.

*Id*. at 792. This understanding of the zone-of-insolvency theory – that any breach-of-fiduciary-duty cause of action brought by creditors is necessarily derivative – has been reaffirmed by courts looking at New York and Tennessee state law. *See In re I Successor Corp.*, 321 B.R. 640, 660 n.6 (Bankr. S.D.N.Y. 2005); *In re Adelphia Communications Corp.*, 323 B.R. 345, 386 n.140 (Bankr. S.D.N.Y. 2005); *In re Del-Met Corp.*, 322 B.R. 781, 817-818 (Bankr. M.D. Tenn. 2005). Under *Production Resources*' approach, the plaintiff in our case would not have standing to assert the zone-of-insolvency claim. The Chapter 11 Trustee would be the proper party to bring that claim, and it already lost its claims in arbitration. *See* DOC. # 268, Exh. K.

The Fifth Circuit has not had the opportunity to directly address the standing question in the zone-of-insolvency context, and the relevant Fifth Circuit case law is muddled. In *Carrieri v. Jobs.com*, the Fifth Circuit stated in dicta that "[o]fficers and directors that are aware that the corporation is insolvent, or within the 'zone of insolvency' as in this case, have *expanded* fiduciary duties to include the creditors of the corporation." *See Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 534 n.24 (5th Cir. 2004) (emphasis added; citing *Weaver* with approval). Even though *Carrieri* was decided after *Production Resources*, *Carrieri* does not mention *Production Resources*.

Putting aside the question of what it means for officers and directors to owe fiduciary duties to the corporation's creditors,[8] the Fifth Circuit's use of the word "expanded" remains problematic. Does it mean

---

[8] For example, if the best course of action for creditors is to liquidate the corporation, would it be a breach of fiduciary duty to not liquidate? Several courts have stated that directors do *not* have a duty to liquidate in the zone of insolvency. *See In re Ben Franklin Retail Stores, Inc.*, 2000 WL

that it rejected *Brentwood*'s framework in which the fiduciary duty is *shifted* to creditors, instead of *expanding* to include creditors? If so, that would imply that a debtor-corporation's officers and directors owe fiduciary duties to both the corporation *and* the corporation's creditors. If fiduciary duties are owed to the corporation and the corporation's creditors, does that mean both the trustee and the creditors have standing to bring breach-of-fiduciary-duty causes of action? Or is it still a cause of action that the trustee has exclusive standing to assert?

Fifth Circuit case law before *Carrieri* suggests that the trustee has exclusive standing. In *Schimmelpenninck*, the Fifth Circuit set out three kinds of actions: (1) actions by the estate that belong to the estate; (2) actions by individual creditors asserting a generalized injury to the debtor's estate, which ultimately affects all creditors; and (3) actions by individual creditors that affect only that creditor personally. The trustee has standing to assert the first two types of claims, and the creditor has standing to assert the third. *In re Schimmelpenninck*, 183 F.3d 347, 360 (5th Cir. 1999). It would be a strange result if, when the beneficiaries of the fiduciary duty expands from the debtor-corporation to include creditors, a breach of that expanded fiduciary duty is somehow morphed into a cause of action that affects only one creditor (or a particular group of creditors). This suggests that breach of (expanded) fiduciary duty would not fall in the third category, which means the trustee has exclusive standing to assert the zone-of-insolvency cause of action.[9]

---

28266 at *3 (N.D. Ill. Jan. 12, 2000); *In re RSL COM Primecall, Inc.*, 2003 WL 22989669 at *8 (Bankr. S.D.N.Y. Dec. 11, 2003).

[9] The plaintiff's poor choice of words in describing his damages models does not help his argument: "[the plaintiff] has two alternative damages models: (i) *generalized harm damages* representing 11 fraudulent transactions involving approximately $21.9 million, wherein monies were wired out from IGS but provided no benefit to IGS/IWG; and (ii) individual investor losses . . . ." Doc.

The Fifth Circuit has also explained that the "general bankruptcy policy of ensuring that all similarly-situated creditors are treated fairly requires that the trustee have the first opportunity to pursue estate actions without interference from individual creditors." *In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994) (internal quotations omitted), *citing In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1153-54 (5th Cir. 1987). Allowing creditors and the trustee standing to assert a breach of (expanded) fiduciary duty violates that general bankruptcy policy.

Of course, simply because it may be difficult to understand how the dicta in *Carrieri* fits analytically with prior Fifth Circuit case law does not mean that the Fifth Circuit would necessarily reject that dicta when directly confronting the standing question in the zone-of-insolvency context. Nor does the possibility that the Fifth Circuit misread the Delaware Chancery Court cases necessarily mean that it also misread Texas law.

The Fifth Circuit used the word "expanded" intentionally. *See Carrieri*, 393 F.3d at 534 n.24 (citing two cases that also use the word "expanded"). That terminology presumes a fiduciary duty owed directly to creditors, a breach of which creditors would possess a direct action. Lower courts cannot lightly ignore dicta at the circuit level. *See Van Blaricom v. Forscht*, 511 F.2d 615, 618 (5th Cir. 1975).

**Recommendation**

The district court should find that the plaintiff has standing under current Fifth Circuit case law, and

---

# 264 at 20 (emphasis added). The plaintiff's first damages model sounds suspiciously like the sort of damages that one would seek in asserting a fraudulent-transfer cause of action, which is the type of action that belongs to the estate. *See In re Educators Group Health Trust*, 25 F.3d 1281, 1285 (5th Cir. 1994).

deny the defendants' motion to dismiss for lack of standing.[10]

# # #

---

[10] If the district court decides that the plaintiff does not have standing to assert his zone-of-insolvency claim, the plaintiff will have one remaining cause of action: knowing participation in breach of fiduciary duty, the source of duty being the broker-client relationship.